IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

LINDSAY CRAVEN (01)

NO. 2:19-CR-019-D (01)

## FACTUAL RESUME

In support of Lindsay Craven's plea of guilty to the offense in Count One of the Superseding Information, Craven, the defendant, Bonita Gunden, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact methamphetamine;

*Third.*   That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2015).

**Lindsay Craven**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. From on or about a date unknown, to on or about September 12, 2018, in the Amarillo Division of the Northern District of Texas, and elsewhere, Lindsay Craven, defendant, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On January 12, 2018, Drug Enforcement Administration (DEA) and Potter County Sheriff's Office (PCSO) Agents were investigating Lindsey Craven and Matthew Reeves for narcotics distribution. A tracking device had been installed on Reeves' vehicle by PCSO agents. The tracker showed that on September 12, 2018, Reeves was traveling back to Amarillo, Texas, from California.

3. Agents were also following Craven, who had left Amarillo, Texas, and traveled to the Chisum Travel Center located in San Jon, New Mexico. While at the travel center, Craven met with Reeves. During the encounter, Agents observed Reeves place a white ice chest into Craven's vehicle. Craven then left the travel center and began traveling back to Amarillo, Texas, on Interstate 40.

4. Craven was stopped by PCSO Deputy Stelton Crain for two traffic violations on Interstate 40, approximately mile marker 56. Deputy Crain asked Craven for consent to search the vehicle and Craven granted consent. The white ice chest was located in the vehicle. Underneath ice and bottles of water, Deputy Crain located six clear bags containing a crystalline substance, which later filed-tested positive for

methamphetamine. The substance weighed approximately 10.5 pounds. This amount of methamphetamine is consistent with distribution, as opposed to personal use. Craven was arrested for possession of the suspected methamphetamine.

5. DEA Task Force Officer Jose Barron and several other investigators made contact with Craven at the Potter County Sheriff's Office. Craven was read her *Miranda* warnings prior to being questioned. Craven stated that methamphetamine was being transported from Sinaloa, Mexico, to California. Craven stated that she would travel to California to pick up the methamphetamine at different hotels. Craven admitted to selling 35 to 50 pounds every 3 to 4 weeks.

6. Reeves was apprehended at an abandoned gas station located on I-40 near mile marker 22. Reeves was transported to the DEA office in Amarillo, Texas for questioning.

7. Once at the DEA office, Reeves was read his *Miranda* warnings. Reeves waived his rights and agreed to make a statement. Reeves admitted that he has been picking up loads of methamphetamine for Craven. Reeves admitted that he sold small amounts of methamphetamine to make money.

8. On September 13, 2018, a search of Craven's home was conducted. Officers located evidence of narcotics trafficking and three firearms inside the home.

9. The suspected methamphetamine was sent to the DEA South Central Laboratory. On February 26, 2019, the DEA Laboratory confirmed that the substance was in fact methamphetamine, a Schedule II controlled substance. The net weight was 4,595.3 grams with a 99% purity.

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this ___ day of September, 2019.

_____  
Lindsay Craven  
Defendant

_____  
Bonita Gunden  
Attorney for Defendant

ERIN NEALY COX  
UNITED STATES ATTORNEY

_____  
ANNA MARIE BELL  
Assistant United States Attorney  
New Mexico State Bar Number 12501  
300 South Taylor Street, Suite 300  
Amarillo, Texas 79101-2446  
Tel: 806-324-2397  
Fax: 806-324-2399  
Email: anna.bell@usdoj.gov

Lindsay Craven  
Factual Resume—Page 4